UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN W., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    2:20-cv-00267-JAW |
| | ) |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant | ) |

### REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the August 13, 2019 decision of the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

Administrative Law Judge. (ALJ Decision, R. 19-33.)[2] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of avascular necrosis of the right femoral head; status post laminectomy for degenerative disc disease of the lumbar spine; intermittent gout; bilateral tennis elbow; and obesity. (R. 21.) The ALJ further found that as the result of the impairments, Plaintiff has a residual functional capacity (RFC) to perform light work, but is limited to standing and/or walking for two hours and to sitting for six hours in an eight-hour workday, frequent pushing and/or pulling and handling with the upper extremities, occasional pushing and/or pulling with foot controls with the left lower extremity, occasional climbing ramps and stairs, balancing, stooping and crouching, but can never climb ladders, ropes or scaffolds, kneel or crawl, or be exposed to dangerous machinery or hazardous heights. (R. 25.)

Based on the RFC finding, the ALJ concluded that Plaintiff could not return to past relevant work, but Plaintiff had acquired transferable work skills and could perform other substantial gainful activity, including the specific representative jobs of inspector, order clerk, and production clerk. (R. 32.) The ALJ determined, therefore, that Plaintiff was not disabled from March 10, 2018, through the date of the ALJ's decision. (R. 33.)

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on

---

[2] Because the Appeals Council found no reason to review that decision (R. 7), Defendant's final decision is the ALJ's decision.

the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred when the ALJ (1) found recordkeeping was a skill, and (2) determined that Plaintiff had transferable skills and could perform representative jobs in the economy.

### A. Recordkeeping as a Skill

Plaintiff argues that recordkeeping is a generic activity and not a transferable skill. Alternatively, Plaintiff contends that the record lacks substantial evidence to support a determination that Plaintiff has recordkeeping skills.

Social Security Ruling 82-41 defines a "skill" as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn.)" 1982 WL 31389, ¶ 2(a). In support of his argument that recordkeeping is not a transferable skill, Plaintiff points to this Court's

decision in *Kramer v. Astrue*, No. 1:10-cv-207-JAW, 2011 WL 1158234 (D. Me. Mar. 25, 2011).  In *Kramer*, based on a VE's testimony, the ALJ found the plaintiff had transferable skills to "[p]erform a variety of duties, deal with people, perform effectively under stress, and make judgments and decisions."  2011 WL 1158234, at *2.  The Court characterized the VE's testimony as erroneous "in that it lists as transferable skills what are actually only traits that would be welcome in an individual performing any job."  *Id*.

The Court in *Kramer* cited the Sixth Circuit's decision in *Ellington v. Secretary of Health & Human Servs.*, 738 F.2d 159 (6th Cir. 1984), where the court held that "skills" identified as "independence of judgment" and "responsibility for work product" were too vague to qualify as particular skills and indistinguishable from characteristics ideally present in the practitioners of many professions.  738 F.2d at 161.  The *Kramer* Court also referenced *Draeggert v. Barnhart*, 311 F.3d 468 (2d Cir. 2002), where the court observed that "there is an inherent difference between aptitudes and skills," and thus abilities such as learning and applying rules and procedures, using reasoning and judgment, thinking clearly and acting quickly in an emergency, among others, were not transferable skills.  311 F.3d at 474, 476-77.  Recordkeeping is not too vague and is distinguishable from the types of abilities discussed in *Kramer*.

Although this Court has not squarely addressed the issue of whether recordkeeping is a transferable skill,[3] other courts have found it to be a transferable skill.  *See, e.g., Ingle*

---

[3] In *Bent v. Colvin*, No. 1:13-cv-243-JDL, 2014 WL 4060308 (D. Me. Aug. 15, 2014), the plaintiff argued that "basic recordkeeping skills" and "verbal and communications skills" were not transferable skills as defined in SSR 82-41.  2014 WL 4060308 at *7.  The Court noted that the VE's testimony regarding representative jobs rested entirely on the transferability of the communication skills, not the recordkeeping skills.  *Id*. at *8.  The Court held that assuming recordkeeping qualifies as a skill, remand was required

4

*v. Heckler*, 763 F.2d 169, 170 (4th Cir. 1985) (affirming district court order finding recordkeeping a skill, among others, that could transfer to other work); *Johnson v. Berryhill*, 679 F. App'x 682, 688 (10th Cir. 2017) (recordkeeping skill, along with customer service, typing, and computer skills, was transferable); *McDermott v. Astrue*, 387 Fed. App'x 732, 733 (9th Cir. 2010) (ALJ properly identified recordkeeping as transferable skill); *Daniel v. Astrue*, 854 F.Supp.2d 513, 528 (N.D. Ill. 2012) (ALJ properly relied on VE testimony that claimant possessed transferable skills, including recordkeeping). The reasoning of the courts is sound. The ALJ properly found recordkeeping is a transferable skill.

The issue is thus whether the ALJ supportably found that Plaintiff has the skill of recordkeeping. At the administrative hearing, the ALJ questioned Plaintiff regarding his employment history, referring to a 17-page work history report Plaintiff submitted prior to the hearing. (R. 46-66; 240-56.) For each job listed, Plaintiff was asked whether he "[did] any writing, complete[d] reports, or perform[ed] duties like this?" Plaintiff responed "yes" for eleven of the fourteen jobs he listed.

The ALJ subsequently asked the VE whether in his prior work, Plaintiff had acquired skills that would be transferable. The VE testified that "the most readily transferable skills would be the management skills, recordkeeping, and documentation skills." (R. 78-79.) Plaintiff's counsel did not question the VE as to whether Plaintiff had

---

because the defendant did not meet her step 5 burden on the issue of whether the plaintiff had acquired the transferable skills necessary to perform the representative jobs. *Id*. The Court noted that even "communication" can be considered a skill at higher skill levels than had been achieved by the plaintiff. *Id*. at n.6.

acquired the identified skills, including the recordkeeping skills. Plaintiff nevertheless contends that remand is required because the VE failed to explain the basis of his conclusion that Plaintiff has the skill of recordkeeping. Plaintiff argues that neither Plaintiff's work history nor his testimony references recordkeeping. (SOE at 3.)

With Plaintiff's description of his prior work and the information he provided in the employment history form, which information includes his representation that he was required to perform writing duties in multiple past jobs, the VE reasonably concluded that Plaintiff had developed recordkeeping skills in his past work. The record contains no persuasive evidence or argument to the contrary.[4] Given the VE's testimony and the evidence regarding Plaintiff's past employment, the ALJ supportably found recordkeeping to be among Plaintiff's transferable work skills.[5]

### B. Conflict with the DOT

Plaintiff argues that even if recordkeeping is a transferable skill, none of the jobs

---

[4] In support of his argument that there was insufficient evidence to support the finding that he had acquired transferable skills through his prior employment, Plaintiff cites *Ogle v. Barnhart*, 123 Fed. App'x 361 (10th Cir. 2005). In *Ogle*, the court held that the ALJ's determination that the plaintiff had acquired the transferable skill of recordkeeping was not supported by the plaintiff's minimal hearing testimony and brief, general statement regarding three prior jobs in her vocational report. 123 Fed. App'x at 363. As the court noted, the plaintiff's "testimony about her past work was almost nonexistent." *Id*. Here, by contrast, Plaintiff provided detailed testimony and an extensive work history report, upon which the ALJ supportably relied in reaching her determination.

[5] At oral argument, Plaintiff argued the ALJ erred by failing to make explicit findings following the eight-step procedure outlined in Defendant's Program Operations Manual System (POMS) for assessing the transferability of skills, POMS DI 25015.017. "POMS guidelines do not have the force and effect of law." *Willey v. Ives*, 696 F. Supp. 1388, 1400 (D. Me. 1988); *see also Bitsacos v. Barnhart*, 353 F.Supp.2d 161, 168 (D. Mass. 2005) (POMS instructions "do not have binding force, although courts frequently consider them in interpreting the SSA's statutory and regulatory policies."). The ALJ satisfied the requirements of SSR 82-41 in making the determination that Plaintiff had transferable skills. Nothing more is required.

identified by the VE is sufficiently similar to Plaintiff's prior position as a shipping and receiving clerk for the recordkeeping skills Plaintiff acquired to support a finding that the skill is transferable to an identified job.  According to Plaintiff, for his recordkeeping skills to be transferable to a job, there must be enough overlap in the Material, Products, Subject Matter and Services (MPSMS) codes and work field codes in the Department of Labor's Dictionary of Occupational Titles (DOT).[6]

Social Security Ruling 00-4p "imposes an *affirmative obligation* on [ALJs] to (i) inquire whether there is any conflict between [VE] testimony and the DOT, (ii) elicit a reasonable explanation for any apparent conflict, and (iii) resolve said conflict, regardless of how it was identified." *Burton v. Astrue*, No. 2:11-cv-174-GZS, 2012 WL 1184425, at *4 (D. Me. Apr. 6, 2012) (aff'd, Apr. 24, 2012) (emphasis in original).  "[B]ecause SSR 00-4p pertains only to apparent conflicts, a claimant waives a claim of failure to identify and resolve a conflict between [VE] testimony and the DOT unless he or she 'can show that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance[.]'" *Welch v. Astrue*, No. 1:11-cv-384-GZS, 2012 WL 3113148, at *7 (D. Me. July 11, 2012) (aff'd, July 31, 2012) (quoting *Burton*, 2012 WL 1184425, at * n.3).

Contrary to Defendant's argument, there is no conflict, apparent or otherwise, between the VE's testimony and the DOT.  Social Security Ruling 82-41 lists factors for an ALJ to consider when determining transferability among jobs:  (1) whether the same or

---

[6] Defendant concedes that the production clerk position should be excluded because there is a conflict between the DOT and the Plaintiff's RFC. (Opposition at 14-15, n.6.)  The position requires constant handling, *see* DOT 221.382-018, 1991 WL 672029, while the ALJ's RFC limited Plaintiff to frequent handing (R. 25).

7

a lesser degree of skill is required, (2) whether the same or similar tools and machines are used, and (3) whether the same or similar raw materials, products, processes or services are involved. SSR 82-41, 1982 WL 31389, ¶ 4(a). Complete similarity of jobs is not required, and the Ruling recognizes there are degrees of transferability. *Id*. Moreover, "where job skills have universal applicability across industry lines, e.g., *clerical*, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC." *Id*. at ¶ 4(c) (emphasis added). Recordkeeping is not a skill that is "so specialized or [has] been acquired in such an isolated vocational setting (like jobs in mining, agriculture or fishing) that [it is] not readily usable in other industries, jobs, and work settings." *Id*.

Other courts, in fact, have rejected arguments similar to Plaintiff's challenge to the ALJ's reliance on the VE's testimony. For instance, one court concluded that "unpublished internal policy statements, such as MPSMS codes and [work field] codes, 'are not binding law that impose judicially enforceable duties on the ALJ" or the courts. *Jones v. Comm'r Soc. Sec.*, Case No. 8:19-cv-2962-T-30JSS, 2020 WL 8083592, at *6 (M.D. Fla. Dec. 21, 2020) (quoting *Engel v. Colvin*, No. SACV 14-01989-JEM, 2015 WL 6453081, at *5 (C.D. Cal. Oct. 23, 2015)). *See also, e.g., Bird v. Berryhill*, Civil Action No. 17-1785-CJB, 2019 WL 1568519, at *12 (D. Del. Apr. 10, 2019) (finding the same and noting that plaintiff was "really asking the Court … to re-weigh the evidence—to compare the evidence mustered by the VE that related to these codes, and to then determine that the quantum of evidence swings more heavily in favor of [plaintiff] …. [T]he law does not permit the Court

to go down this path."); *Solomon v. Comm'r Soc. Sec.* Admin., No. CV-18-00306-PHX-DWL, 2019 WL 1359129, at *4 (D. Ariz. Mar. 26, 2019) (rejecting similar argument and finding that the ALJ's transferability determination was supported by the VE's testimony, which was "itself substantial evidence sufficient to uphold the ALJ's decision"); *Garcia v. Astrue*, No. 1:11-cv-00774-SKO, 2012 WL 4091847, at *7-8 & n.6 (N.D. Cal. Sept. 17, 2012) (rejecting similar argument and noting no authority for proposition that a VE is required to rely only on the MPSMS in making transferability determination).  In short, neither the Ruling nor relevant case law supports Plaintiff's argument for remand.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 19th day of August, 2021.